856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Preston W. CARROLL & Dorothy Carroll, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-1930.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the United States Tax Court in a dispute over the fair market rental value of property leased by the petitioners to a related corporation. The IRS originally sought to charge the corporate lessee with additional income, relying on 26 U.S.C. Sec. 482 which permits the Commissioner of Internal Revenue to allocate income and deductions among related taxpayers. The IRS subsequently changed its position and sought to show that the rent called for in the leases exceeded the fair market rental value of the property. Although the Tax Court found that the rents called for by the leases reflected fair rental value, it also determined that the petitioners had paid substantially less rent than the contract price in certain years.
 
 
 2
 Before the Tax Court the petitioners contended that they were entitled to additional rental expense deductions equal to the difference between the fair market rental value as determined by the Tax Court and the amount of rent actually paid during the years in issue. Since the petitioners are cash basis taxpayers, who did not make payments of rent equal to the fair market rental value of the property, the Tax Court held that there could be no deduction for the difference between the fair market rental value and the amount actually paid. It noted that 26 U.S.C. Sec. 162 allows a deduction for those ordinary and necessary expenses actually paid during a taxable year. On this basis, the Tax Court rejected the taxpayers' claim for a refund based on treating the unpaid rental as deductible expenses.
 
 
 3
 Although the Commissioner originally exercised his discretion to seek a reallocation of income and expenses between these related taxpayers based on the contract rental amount, and his ultimate abandonment of that position caused inconvenience and expense to the taxpayers, nevertheless the Tax Court was clearly correct in holding that a cash basis taxpayer cannot deduct business expenses that were not actually paid. In this case, since the Commissioner abandoned his effort under Sec. 482, the corporation will not be charged with receiving the fair rental value as determined by the Tax Court and the taxpayers will not be entitled to a deduction for rent never actually paid.
 
 
 4
 The petitioners rely upon Interstate Fire Insurance Co. v. United States, 215 F.Supp. 586 (E.D.Tenn.1963), aff'd, 339 F.2d 603 (6th Cir.1964). We do not believe that Interstate Fire requires a finding in the present case that the government is estopped from refusing to follow through with the reallocation under Sec. 482 as originally proposed. In Interstate Fire an IRS agent requested the taxpayer to perform all of the work necessary to reallocate expenses under Sec. 482 and this was performed by the taxpayer at a cost of $25,000. This was the basis for the finding of estoppel. In the present case, the Internal Revenue Service did propose that there should be an allocation under Sec. 482, but it did not place the burden on the taxpayers of performing this work. The facts that supported a finding of estoppel in Interstate Fire just do not exist in the present case.
 
 
 5
 The judgment of the district court is affirmed.